■ NADLER'S, INC., Respondent, v. CONSOLIDATED OIL BURNER SERVICE, Respondent. FORSON'S, INC., Respondent, v. ALICE E. MILES et al., Respondents. GLOBE INDEMNITY COMPANY, Appellant.— In a consolidated action to recover damages for property injuries due to fire, Globe Indemnity Company, the insurer of defendant Consolidated Oil Burner Service and not a party to the actions, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County, dated June 25, 1971, as directs it to pay $4,000 pursuant to a settlement, made in open court, of plaintiffs' claims against said defendant and as further refers to that direction. Order modified, on the law and the facts, by striking therefrom the first two decretal paragraphs and substituting therefor a provision denying plaintiffs' application for relief against Globe Indemnity Company, without prejudice to the rights of defendant Consolidated Oil Burner Service to proceed against Globe Indemnity Company on the question of the latter's disclaimer of liability. As so modified, order affirmed insofar as appealed from, without costs. In our opinion the record before us does not sustain the finding of the trial court that Globe made a promise to pay the settlement. Shapiro, Gulotta, Christ and Brennan, JJ., concur; Hopkins, Acting P. J., dissents and votes to affirm the order insofar as appealed from, with the following memorandum: Whatever may have been the differences between Globe Indemnity Company and Consolidated Oil Burner Service, its insured, plaintiffs were entitled to rely on the prompt payment of the settlement figure under the stipulation made by the attorney of Globe before the court. The stipulation expressly stated that "any mechanical method used in finalizing the aforementioned settlement is without prejudice to any rights of the defendant Consolidated as to Globe, or the claims of Globe against Consolidated" and that "Globe Indemnity, if it so elects, or Consolidated may make payment either directly or jointly to the litigants in the afore-mentioned settlement without prejudice to their respective rights." Under these circumstances, both Globe and Consolidated bound themselves to the settlement and it is not important that Globe was not a party to the action. As I read the order, it provides for payment of the settlement by Globe without prejudice to its rights and further provides that, in default of such payment, judgment may be entered by plaintiffs for the amount of the settlement against Consolidated. I see no injury to Globe by these provisions. The order carries out the obvious intent of the stipulation. Plaintiffs should not be put to unnecessary proceedings because of disputes between a carrier and its insured; and evidently would not have entered into the settlement if further proceedings arising out of the disputes were not to be obviated.